# United States District Court
### SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

2009 DEC -7 PM 2: 34

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For **Revocation** of Probation or Supervised Release) |
| Orlando Seque Ross | Case Number: CR404-00140-001 |
| | USM Number: 11957-021 |
| | Ronald C. Berry |
| | Defendant's Attorney |

**THE DEFENDANT:**

[X] admitted guilt to violation of mandatory and standard conditions of the term of supervision.
[ ] was found in violation of condition(s) _ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant committed another Federal, state, or local crime (mandatory condition). | September 11, 2009 |

See page 2 for additional violations.

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s)___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No:    XXX-XX-7729

Defendant's Date of Birth:    July 11, 1985

December 7, 2009
Date of Imposition of Judgment

Signature of Judge

Defendant's Residence Address:
Federal Bureau of Prisons

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia

Defendant's Mailing Address:
Federal Bureau of Prisons

Name and Title of Judge

12/7/05
Date

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | The defendant failed to pay a fine or restitution obligation in accordance with the schedule of payments set forth by the Court (mandatory condition). | October 7, 2009 |
| 3 | The defendant failed to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer (standard condition). | October 7, 2009 |

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>9 months</u>.

[ ]   The Court makes the following recommendations to the Bureau of Prisons:

[X]   The defendant is remanded to the custody of the United States Marshal.
[ ]   The defendant shall surrender to the United States Marshal for this district,

  [ ] at ___ [ ] a.m. [ ] p.m. on _____.
  [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [ ] before 2 p.m. on _____.
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy United States Marshal

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 27 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
             Defendant                                     Date


_____     _____
U. S. Probation Officer/Designated Witness            Date

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** |  |  | $24,910.88 |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| The Gun Shop<br>ATTN: Rick Duffy<br>311-A Mall Boulevard<br>Savannah, Georgia 31406 |  | $1,700.00 |  |

**See special instructions regarding the payment of criminal monetary penalties, page 7, before disbursing any restitution payments to The Travelers Insurance Company.

| | | | |
|---|---|---|---|
| The Travelers Insurance Company<br>ATTN: Claim No. AHD4237<br>P. O. Box 2954<br>Milwaukee, Wisconsin 53201-2954 |  | $23,210.88 |  |
| **Totals:** |  | $24,910.88 |  |

[ ]  Restitution amount ordered pursuant to plea agreement    $ _____

[X]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived for the    [ ] fine    [ ] restitution.
    [ ]  The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ]   Lump sum payment of $ __ due immediately, balance due

    [ ] not later than ____; or
    [ ] in accordance with   [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B [X]   Payment to begin immediately (may be combined with   [ ] C,  [ ] D, or  [X] F below); or

C [ ]   Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]   Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $_ over a period of ___ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]   Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]   Special instructions regarding the payment of criminal monetary penalties: While in the custody of the Bureau of Prisons, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Upon release from imprisonment and while on supervised release, the defendant shall make minimum monthly payments of $350 over a period of 27 months. Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Orlando Seque Ross
CASE NUMBER: CR404-00140-001

## COURT'S FINDINGS

On December 7, 2009, the defendant, with assistance of counsel, appeared before the Court for a revocation hearing for violation of supervised release. The Court, after hearing a stipulation from the defendant, made findings on the record that on October 6, 2004, Orlando Seque Ross appeared before the Court and was sentenced after previously entering a plea of guilty to the offense of stealing firearms from a licensee. He was sentenced to forty-eight months custody, followed by a three-year term of supervised release. The forty-eight month custodial sentence was a downward departure from the recommended guideline range based on a 5K1.1 motion filed by the government. Special conditions ordered by the Court included substance abuse testing and treatment as directed, the completion of 250 hours of community service within the first 18 months of supervised release, providing financial information as requested, and not incur new credit charges or open additional lines of credit without approval of the probation officer. The defendant was ordered to pay restitution in the amount of $24,910.88 at a rate of not less than $692 per month, and a $100 special assessment. The term of supervised release began on December 27, 2007. On March 30, 2009, the defendant's conditions of supervised release were modified to reduce his monthly restitution payments to not less than $350 per month.

The Court notes that the defendant has made some payments toward his restitution and has maintained some form of employment, having secured stable employment until he was laid off at his job due to worsening economic conditions. However, throughout the term of supervised release, the defendant has not been consistent in making his restitution payments. The defendant committed a very serious offense in attempting to flee a Savannah-Chatham Metropolitan Police Officer on the date of the instant violation. People get killed during police chases and officers are not certain what they may be encountering pursuant to a chase. As such, police officers are given a wide amount of discretion in the apprehension of individuals involved in these chases. The defendant's decision to flee given his suspended license, presents to law enforcement a perception that a deadly mixture of alcohol, drugs, and firearms may be present.

The Court has considered the Sentencing Commission's Chapter Seven Policy Statements, and sentences the defendant to the custody of the Bureau of Prisons for a period of nine months, followed by a twenty-seven month term of supervised release. The Court reimposes the $24,910.88 restitution and the defendant is given credit for payments previously made. All other conditions previously imposed shall remain in effect.